UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DONALD RIFE,

                Plaintiff,                Case No.  10-11175
                                              HON. BERNARD A. FRIEDMAN
                                              MAGISTRATE JUDGE CHARLES E. BINDER
v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____/

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Magistrate Judge Charles E. Binder's Report and Recommendation ("R and R") dated November 10, 2010, recommending that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment. In his R and R, Magistrate Judge Binder found that substantial evidence supports the Commissioner's determination that Plaintiff is not disabled.    Plaintiff filed an objection to the R and R, and Defendant filed a response to Plaintiff's objections.

This Court has had an opportunity to fully review this matter and the parties' filings, and believes that the Magistrate Judge has reached the correct conclusions for the proper reasons. The Court hereby adopts pages 1-12 of the R and R, comprising the procedural and factual history of this matter, as though restated herein.

In his objection, Plaintiff first argues that the ALJ's decision did not properly analyze the opinion of Plaintiff's physician under the Treating Source Rule.  The Treating Source Rule, 20

2:10-cv-11175-BAF-CEB   Doc # 22   Filed 02/16/11   Pg 2 of 4   Pg ID 708

CFR 404.1527 is a procedural regulation that requires the ALJ to sufficiently explain the weight given to a treating source's opinion, and the reasons for that assignment of weight. Further, Plaintiff argues, the R and R's analysis of the ALJ's decision to discount the treating source's findings is inappropriate because it constitutes a post-hoc analysis of evidence that was not considered in the ALJ's decision.

Plaintiff's argument is unavailing. While the Magistrate Judge did refer to evidence outside of the ALJ's decision, the Magistrate Judge also identified specific evidence relied upon by the ALJ in evaluating Plaintiff's treating physician's opinion. Accordingly, any mention of other evidence is irrelevant to the present analysis. The Magistrate Judge's final conclusion was that substantial evidence supports the ALJ's decision based on the grounds identified by the ALJ. Plaintiff's objection on this basis is overruled.

Next, Plaintiff argues that the ALJ's decision failed to perform a proper credibility analysis. Plaintiff contends that the ALJ's decision failed to properly analyze Plaintiff's subjective allegations of pain under the required credibility analysis framework set forth in 20 CFR 404.1529(b). Plaintiff argues that Section 1529 requires analysis and consideration of several factors in evaluating complaints of pain, and that the ALJ's decision failed to adequately address each factor. As in his argument regarding the Treating Source Rule, Plaintiff contends that the R and R improperly offers a post-hoc analysis of what the ALJ could have used to support its credibility determination. Plaintiff contends that a lack of analysis of the Section 1529 factors warrant a remand for further consideration of Plaintiff's allegations of pain and how they affect his residual functional capacity.

Plaintiff's argument is incorrect, as 20 CFR 404.1529(b) does not require the ALJ to

discuss every factor in every decision.  Further, the Magistrate Judge's decision to address additional information before him is not controlling in an analysis of whether the ALJ's credibility determination was sufficient.

As the Sixth Circuit has stated, an ALJ's credibility determination need only be "sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 248 (6th Cir. 2007).  Here, the ALJ clearly discussed Plaintiff's MRI scan and EMG studies, and also discussed Plaintiff's reported daily activities, his medications and their side effects, and his lack of hospitalizations for his back condition after his 1997 surgery.  Further, the ALJ included limitations in the RFC to account for Plaintiff's pain, and found that Plaintiff was limited due to degenerative disc disease and degenerative joint disease.  In sum, the ALJ made a well supported credibility determination, and Plaintiff's objections are overruled.

Accordingly,

IT IS HEREBY ORDERED that Magistrate Judge Binder's Report and Recommendation dated November 10, 2010, is hereby accepted and adopted.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.


Dated: February 16, 2011                    s/Bernard A. Friedman_____
       Detroit, Michigan                    BERNARD A. FRIEDMAN
                                            UNITED STATES DISTRICT JUDGE

3

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 16, 2011, by electronic and/or ordinary mail.

<u>s/Felicia Moses for Carol Mullins</u>
Case Manager